UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| **Katherine Channing,** | ) | |
| | ) | |
| Plaintiff, | ) | **CIVIL ACTION NO.** |
| | ) | **3:19-cv-00526-JDP** |
| v. | ) | |
| | ) | |
| **Community Living Alliance and Fiscal Assistance, Inc.,** | ) ) | |
| | ) | |
| Defendants. | ) | |

## JOINT MOTION FOR APPROVAL OF
## SETTLEMENT AND DISMISSAL OF CLAIMS WITH PREJUDICE

Plaintiff Katherine Channing ("Plaintiff") and Defendant Community Living Alliance ("Defendant CLA"), by and through their respective undersigned counsel, jointly move the Court for an Order approving the settlement of this action and dismissing all claims with prejudice and without costs to Plaintiff and Defendant CLA. Attached hereto as Exhibit A is a copy of the negotiated Settlement Agreement and Release between Defendant CLA and Plaintiff ("Settlement Agreement').

On January 21, 2020, Plaintiff and Defendant Fiscal Assistance ("Defendant FA") filed a Stipulation of Dismissal as to Defendant Fiscal Assistance, Inc., Only, requesting that Defendant FA be dismissed from this action without prejudice and without costs to Defendant FA and Plaintiff. (Dkt. No. 29) On January 21, 2020, this Court entered a Text Order dismissing those claims against Defendant Fiscal Assistance, without prejudice, with each side bearing its own expenses and costs. (Dkt. No. 30) Thus, this Joint Motion for Approval of Settlement and Dismissal of Claims with Prejudice brought by Defendant CLA and Plaintiff will result in a final disposition of this matter.

1

## I. Legal Standard

The Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, places certain limits on a current or former employee's ability to waive claims for unpaid wages or overtime under 29 U.S.C. § 216. *See Barrentine v. Arkansas-Best Freight System*, 450 U.S. 728, 740 (1981). With two exceptions, employees may not waive FLSA claims for unpaid wages or overtime for less than full statutory damages. The two exceptions are for: (1) settlements approved by the Department of Labor; or (2) settlements -approved by a court . *See Hernandez v. Cameo Investments, LLC*, No. 19-CV-356-WMC, 2019 WL 5558434, at *1 (W.D. Wis. Oct. 28, 2019) (citing *Walton v. United Consumers Club*, 786 F.2d 303, 306 (7th Cir. 1986)).It is well-settled law that an employee may waive an FLSA claim for unpaid wages or overtime pursuant to a judicially-approved stipulated settlement that assures that the private settlement does not subvert the principles of the FLSA and furthers the policy of encouraging the settlement of litigation. *Id. See also Cheeks v. Freeport Pancake House, Inc.* 796 F. 3d 199, 206 (2nd Cir. 2015)(settling FLSA claims with prejudice requires DOL or district court approval to take effect); *Lynn's Food Stores, Inc. v. U.S. Dept. of Labor*, 679 F.2d 1350, 1354 (11th Cir. 1982)(in order to promote policy of encouraging settlement of litigation, district court allowed to approve reasonable compromise of disputed issues under FLSA ); *Taylor v. Progress Energy, Inc.*, 493 F.3d 454, 463 (4th Cir. 2007)(reaffirming conclusion that prospective or retrospective release or waiver of FLSA claims requires prior DOL or court approval). Thus, when FLSA claims in private litigation are settled and the parties present the proposed settlement to the district court, "the court must determine whether the settlement's terms and conditions represent 'a fair and reasonable resolution of a bona fide dispute over FLSA provisions' and reflect a 'compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's

overreaching.'" *Hernandez*, 2019 WL 5558434, at *1 (citing *Lynn's Food Stores*, 679 F.2d at 1354-55).

## II. The Settlement Between Plaintiff and Defendant CLA is Objectively Fair, Adequate, and Reasonable

Pursuant to the terms of the Settlement Agreement, Defendant CLA is paying the total sum of Two Thousand Five Hundred ($2,500.00). Of that sum, $1,435.60 will be paid directly to Plaintiff. The remainder of $1,064.60 will be allocated to costs of litigation incurred by Plaintiff's counsel, Lemberg Law. Lemberg Law will not recover any attorneys' fees. Given the nature of the disputed issues, this settlement represents a fair and reasonable resolution of this bona fide FLSA dispute.

Plaintiff alleged in her Second Amended Complaint ("SAC") filed June 26, 2019, that Defendants CLA and FA violated the overtime wage provisions of the FLSA, 29 U.S.C. § 207. (Dkt. No. 19). Specifically, Plaintiff alleged that she worked for Defendants as a live-in Personal Care Worker ("PCW") and regularly worked 96 hours or more per week for which Defendants only paid her straight-time wages for overtime hours, rather than the required time-and-a-half. Plaintiff sought double her unpaid wages pursuant to the FLSA's provision for liquidated damages, and her reasonable attorneys' fees and costs. On July 5, 2019, Defendant CLA filed its Answer with Affirmative Defenses to the SAC, denying Plaintiff's material factual allegations and raising the affirmative defense, *inter alia*, that Defendant CLA adequately compensated Plaintiff for all hours worked. (Dkt. No. 20).

Both Plaintiff and Defendant CLA engaged in extensive written discovery, pursuant to which Defendant CLA produced over 600 pages of relevant documents. During subsequent settlement discussions, Defendant CLA's counsel advised that: (1) Defendant CLA does not employ live-in PCWs; (2) Defendant CLA only employed Plaintiff for a predetermined number

of daytime hours each week (which did not exceed 40 hours/week, with one exception, for which Plaintiff was paid at a time and half rate): (3) any additional time Plaintiff spent as a PCW was not under Defendant CLA's employment or supervision;(4) Defendant CLA was not a joint employer with Defendant FA or any other entity with respect to Plaintiff's services and thus had no legal obligation to compensate Plaintiff for any time outside those hours predetermined, scheduled and preapproved by Defendant CLA; and (5) Defendant CLA properly compensated Plaintiff for the one occasion of overtime she worked during Defendant CLA's employment. A detailed review of Defendant CLA's document production by Plaintiff's undersigned counsel confirmed these assertions.

In light of the foregoing, Plaintiff considers the settlement amount to be a reasonable e compromise as to her disputed claims. Despite the documentary evidence indicating that Plaintiff is not due any overtime wages from Defendant CLA, she is recovering $1,435.60 pursuant to the Settlement Agreement. Plaintiff wishes to avoid the burden and risk in establishing liability and damages against Defendant CLA. Plaintiff's circumstances are such that she believes it to be in her best interest to receive an expedient settlement payment rather than escalate the costs, burdens, and risks of further litigation and trial. Defendant CLA does not admit and expressly denies any violation of law or any liability to Plaintiff, but regardless agrees that the settlement is fair and reasonable because it will enable Plaintiff and Defendant CLA to avoid further anticipated burdens and expenses, including motion practice, trial, and counsels' fees, which would be significant if the case were to go to trial. Additionally, Defendant CLA has considered the fee shifting nature of the FLSA for attorneys' fees if Plaintiff were to prevail.

Finally, both Plaintiff and Defendant CLA are represented by highly experienced counsel and the resultant settlement was negotiated at arms-length between the parties' respective counsel.

Plaintiff's counsel, Spencer Kuhner, has practiced law since 2016. His practice focuses on representing plaintiffs in consumer law matters, including employment law. Mr. Kuhner has successfully prosecuted numerous FLSA actions. Further, Mr. Kuhner's handling of the matter was at all times supervised by Sergei Lemberg, Esq., who has practiced law since 2001 and founded Lemberg Law thirteen years ago. Lemberg Law focuses its practice on the representation of consumers and employees, including cases brought on behalf of employees alleging unpaid wages and overtime pursuant to the Fair Labor Standards Act. Likewise, Defendant's counsel, Ann Barry Hanneman, has practiced law since 1989. Ms. Barry Hanneman's practice focuses on representing employers in labor and employment law matters. Ms. Barry Hanneman has successfully tried federal court jury trials and regularly represents employers in administrative matters as well as federal and state court proceedings, including matters involving the Fair Labor Standards Act.

### III. The Costs and Attorney's Fees are Fair and Reasonable

Of the Two Thousand Five Hundred ($2,500.00) settlement, the amount of $1,064.60 will be allocated to costs of litigation incurred by Plaintiff's counsel, Lemberg Law (see Cost Report, attached hereto as **Exhibit B**). Given that Lemberg Law will not recover any attorneys' fees, despite expending significant time drafting the complaint, conducting discovery, reviewing document production, negotiating settlement, and preparing this motion for approval, retention of only its costs of litigation is fair and reasonable under the circumstances in this matter. *See Hernandez v. Cameo Investments, LLC*, No. 19-CV-356-WMC, 2019 WL 5558434, at *2 (W.D. Wis. Oct. 28, 2019) (finding that allocating 65% of the $10,000 settlement to attorneys' fees and costs was fair and reasonable "[g]iven the time counsel spent in drafting the complaint,

reviewing discovery, negotiating a settlement and seeking approval, . . . especially in light of the limited value of plaintiffs' individual claims.").

## CONCLUSION

In view of the foregoing, Plaintiff and Defendant CLA respectfully jointly request that the Court approve the Settlement Agreement and dismiss this matter with prejudice and without costs to any party. The Parties thank the Court for its assistance in concluding this matter.

Dated: March 3, 2020

Respectfully submitted,

By: /s/ *Spencer H. Kuhner*
Spencer H. Kuhner, Esq. (*pro hac vice*)
Lemberg Law, LLC
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
skuhner@lemberglaw.com
*Attorneys for Plaintiff*

By: */s/ Ann Barry Hanneman*
Ann Barry Hanneman, Bar No. 1008899
von BRIESEN & ROPER, s.c.
20975 Swenson Drive, Ste. 400
Waukesha, WI 53186
Telephone: 262-923-8652
Facsimile: 262-888-1789
Email: ahanneman@vonbriesen.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2020, a true and correct copy of the foregoing Motion for Approval of Settlement was served electronically via the Electronic Case Files System (ECF) and that the document is available on the ECF system.

 */s/ Spencer H. Kuhner*
Spencer H. Kuhner

6