# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is made and entered into by Katherine Channing ("Ms. Channing") and Community Living Alliance ("CLA" or "Company") (singularly a "Party," and collectively, the "Parties").

**WHEREAS**, Ms. Channing filed an action against CLA which is currently pending as *Katherine Channing v. Community Living Alliance and Fiscal Assistance, Inc.*, Case No. 19-cv-00526, in the United States District Court for the Western District of Wisconsin, alleging violations of the Fair Labor Standards Act. CLA denies Ms. Channing's asserted claims (hereinafter collectively, the "Lawsuit"); and

**WHEREAS**, the Parties to this Agreement recognize Ms. Channing's claim includes a FLSA claim and the Parties recognize there is a *bona fide* dispute as to the wages due;

**WHEREAS**, the Parties to this Agreement wish to resolve any and all claims between the Parties, including but not limited to the Lawsuit;

**WHEREAS**, Ms. Channing fully recognizes that she has been advised by her counsel in the settlement of this Lawsuit, and acknowledges that she freely and voluntarily has released her FLSA claim against CLA;

**NOW, THEREFORE**, in consideration of the covenants and promises set forth below, and for good and valuable consideration, the receipt of which is hereby acknowledged, the Parties agree as follows:

1. **Final Resolution**. This Agreement fully resolves, settles, and releases any and all claims or potential claims that Ms. Channing has or may have against CLA, including, but not limited to, claims specifically brought or raised in connection with the Lawsuit.

2. **Ms. Channing's Promises**. Ms. Channing agrees to the following:

    (a) **Dismissal with Prejudice**. Ms. Channing agrees, within two (2) business days of the Effective Date of this Agreement, to take any and all reasonable actions to withdraw and dismiss the Lawsuit against CLA *with prejudice*, including, but not limited to, the filing of the document attached hereto as **Exhibit A** with the United States District Court for the Western District of Wisconsin.

    (b) **Release of All Wage Claims by Ms. Channing**. Ms. Channing, for herself, her heirs, executors, beneficiaries, successors, assignees, immediate family members, and any other person or entity who could now or hereafter assert a claim in her name or on her behalf (collectively referred to as "Releasing Parties"), hereby releases and forever discharges CLA and its past and present predecessors, successors, heirs, assignees, owners, attorneys, representatives, affiliates, parent corporations, subsidiaries (whether or not wholly owned), divisions, parts, partners and officers, directors, agents, employees, servants, executors, administrators, accountants, shareholders, investigators, insurers, and any and all other related individuals and entities (collectively referred to as "Released Parties") from any and all past,

present or future claims, lawsuits, demands, actions or causes of actions, which she now has, owns, holds or claims, or could have claimed, to have, own or hold, or which she at any time heretofore had owned or held, or claimed to, or could have claimed, to have had, owned or held under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. and the Wisconsin Wage Payments, Claims, and Collections Act, as well as any claims for attorneys' fees or costs related to such claims, up to the Effective Date of this Agreement.

The Parties recognize that this provision means Ms. Channing is giving up any and all rights to sue the Released Parties for any wage or overtime claim under the Fair Labor Standards Act or Wisconsin law she could have brought as of the date of this Agreement. The Parties acknowledge and agree that this Agreement may be pleaded as a complete defense to, and in bar of any action or proceeding brought, maintained, or conducted by or on behalf of any of the Releasing Parties against CLA or any of the Released Parties in connection with or on account of any of the wage claim matters released as set forth herein. Further, the Parties recognize that this Agreement and Release does not apply to any claims which might arise after the date on which it is signed by the Parties. Further, the Parties recognize that this release does not include any claim that cannot be waived as a matter of law.

(c) **Covenant Not to Sue for Wage Claim**. Ms. Channing represents that she has not filed any complaints, charges, lawsuits or any other claims of whatever character against CLA arising out of her employment relationship with CLA and/or the separation of such employment, except the action filed in the Milwaukee Division of the United States District Court for the Eastern District of Wisconsin, Case No. 3:19-cv-00416 and this Lawsuit. Under this Agreement, Ms. Channing further agrees that she will not file or institute any legal or administrative proceeding (defined to include any charge or complaint or other action instituted with a federal, state or local governmental agency and its state equivalent) as to any wage and/or overtime matter based upon, arising out of, or related in any way to her employment with CLA. Nothing in this Agreement shall be construed to prevent Ms. Channing from filing or participating in a charge of discrimination filed with the U.S. Equal Employment Opportunity Commission, or from assisting in the investigation of a charge filed by another with any other governmental agency to the extent such right is not subject to waiver. By signing this Agreement, however, Ms. Channing waives her right to the recovery of any monetary or other damages (legal, equitable or other) and/or attorneys' fees in any claim or lawsuit brought by or through the EEOC or other agency or by any third party related in any way to wages and/or overtime with CLA. The Parties further agree that this Agreement may be used as an affirmative defense and complete bar to any claim, lawsuit, charge, or any other type of wage or overtime action that Ms. Channing may file seeking recovery under the Fair Labor Standards Act or Wisconsin law.

This Agreement does not release any rights or claims that arise after the date of execution of this Agreement, including any claim for breach of this Agreement, and does not release any rights or claims that Ms. Channing cannot release or waive by law.

3. **Payments to Ms. Channing**. CLA agrees to make the total payment in the amount of Two Thousand Five Hundred and 00/100 Dollars ($2,500.00) in the following allocations: (a) a payment of Seven Hundred Seventeen Dollars and 70/100ths ($717.70), less

applicable taxes, to Ms. Channing; (b) a payment of Seven Hundred Seventeen Dollars and 70/100ths ($717.70) to Ms. Channing to constitute liquidated damages; and (c) a payment to Ms. Channing's counsel, Lemberg Law, LLC, of One Thousand Sixty-four Dollars and 60/100ths ($1,064.60) for attorney's fees and costs.

4. **Payment Schedule and Obligations**. CLA agrees to provide the above payment set forth in Paragraph 3 within ten (10) business days after receipt by CLA's counsel of the completed 2020 W-4 Form and 2020 WT-4.

5. **Tax Implications and Indemnification**. It is agreed and understood that no portion of the amounts set forth above in Paragraph 3(b) above is attributable to, nor will be construed, a payment of wages or substitute for wages. This amount represents a payment of settlement of the disputed claim and for said damages and costs. Such payments set forth above in Paragraph 3(c) shall be deemed as attorney's fees and/or costs.

In the event that any governmental authority determines that all or part of said payments as allocated and reflected in Paragraphs 3(b) and 3(c) do not constitute damages, expenses, costs and/or attorney's fees in the settlement of a claim, Ms. Channing agrees to be solely responsible for the payment of any taxes or related amounts the governmental authority determines to be due from Ms. Channing so long as CLA reports the payment consistent with this Agreement. Ms. Channing agrees that CLA bears no responsibility for taxes Ms. Channing may be required to pay on such sum, and that CLA shall not be required to pay any further sums to Ms. Channing for any reason, even if the tax liabilities to Ms. Channing are ultimately assessed in a fashion in which Ms. Channing does not presently anticipate. Ms. Channing will indemnify and hold harmless CLA from all liability related to any taxes that may be imposed upon Ms. Channing and penalties and attorney's fees, which could or may be incurred pertaining to taxes upon the amounts being paid to Ms. Channing above. The parties agree to file tax returns consistent with the terms of this Agreement. CLA will issue an IRS Form 1099 for the payment issued pursuant to Paragraph 3(b) to Ms. Channing and will issue an IRS Form 1099 for the payment pursuant to Paragraph 3(c) to Lemberg Law, LLC. [Tax I.D. 65-1270631]. As for the payment issued pursuant to Paragraph 3(a), CLA will issue IRS W-2 Form.

6. **Non-Admission**. Ms. Channing agrees and acknowledges that the consideration provided herein does not constitute, and shall not be interpreted as, any admission of liability or guilt or of any violation of any federal, state, local or municipal statute, law, ordinance, regulation or order, or any breach of any contract, policy or practice on the part of CLA. The Parties agree that this Agreement constitutes a good faith settlement of disputed claims and agree the terms of this Agreement are not an admission of wrongdoing by CLA of any kind or nature and that CLA specifically disclaims any liability to Ms. Channing.

7. **Wages and Waiver of Reinstatement**. Ms. Channing acknowledges that she has received from CLA all wages, commissions, reimbursements, compensation and/or other amounts of benefits to which she is entitled in employment or on separation therefrom. Ms. Channing represents and understands that her employment at CLA ended on October 10, 2018, and that CLA will not employ her after that date, that she will not apply for, or otherwise seek employment with CLA at any time, and that Ms. Channing waives any right to reinstatement at

CLA in the future. If Ms. Channing should be reemployed by CLA at any later time, such employment is subject to immediate termination at CLA's exclusive discretion.

8.  **Non-Disparagement.** Ms. Channing agrees that she will not disparage CLA, its owners, directors, officers, managers, shareholders, employees, clients, funding sources or agents in any manner, including any verbal, written or any statements in social media. Ms. Channing further agrees not to take any action or make any statement on or to social media or otherwise about her employment or separation from employment or her litigation against CLA that adversely affects or is intended to adversely affect the business or goodwill of CLA or any of its affiliated entities. In the event of a breach of this material term by Ms. Channing, Ms. Channing acknowledges that CLA will be entitled to recover its attorney's fees, costs and expenses, in addition to amounts of any damages resulting from the breach of this Agreement by Ms. Channing.

9.  **Applicable Law.** This Agreement shall be governed by and will be construed in accordance with the laws of the State of Wisconsin.

10. **Severability.** Should any of the provisions of this Agreement be declared or be determined by any court to be illegal, void, invalid, or unenforceable, the validity of the remaining parts, terms or provisions shall not be affected thereby, and said illegal or invalid part, term, or provision shall be deemed not to be a part of this Agreement. In the event that an enforcing court finds any provision(s) of this Agreement unreasonable or otherwise unenforceable, Ms. Channing agrees that the court may rewrite or modify the provisions in order to limit it to a breadth which is proper to protect CLA's interest and accomplish the purpose of the provision.

11. **Entire Agreement.** This Agreement sets forth the entire agreement and understanding between the Parties, on the subject matter hereof, and supersedes all prior and contemporaneous agreements, discussions, and negotiations between them. This Agreement may be amended, modified, or supplemented only by a written instrument hand-signed by the Parties with the same level of formality as this Agreement or by facsimile or scanned signatures that may be relied upon as true and correct signatures of the undersigned Parties.

12. **Time to Consider Agreement and Effective Date.** Ms. Channing acknowledges and affirms that she: (a) knowingly and voluntarily entered into this Agreement; (b) knowingly and voluntarily is waving and releasing her rights and/or claims arising at any time from the beginning of her employment through the date of execution of this Agreement under the Fair Labor Standards Act and any Wisconsin law applicable to the wages and any overtime payments by CLA; (c) is advised in writing by CLA to consult with an attorney prior to executing this Agreement and she has had an opportunity to do so; and (d) has been given the opportunity to review and negotiate the terms of this Agreement. The Effective Date of this Agreement shall be when each Party has signed and delivered at least one Counterpart, as stated in Paragraph 13, to the other Party. A counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement.

13. **Counterparts.** This Agreement may be executed in counterparts, which may be

exchanged by U.S. mail, courier, facsimile, email, or other electronic form of transmission.

**IN WITNESS THEREOF**, the Parties have executed this Agreement by their signatures below.

**READ THIS AGREEMENT CAREFULLY BEFORE SIGNING.
IT IS A RELEASE OF ALL WAGE AND OVERTIME CLAIMS,
INCLUDING THOSE KNOWN AND UNKNOWN.**

*/s/ Katherine Channing*
**Katherine Channing**

**Community Living Alliance**

By: */s/ Todd Costello*
Todd Costello

Its: Executive Director

Date: 2/27/2020

Date: 3-3-2020

AS TO FORM:

*/s/ Spencer Kuhner*
Spencer Kuhner, Esq.

LEMBERG LAW, LLC
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
skuhner@lemberglaw.com

*Attorneys for Plaintiff*

Date: 3/2/2020

34329496.1

5